UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| T.I., by and through his guardian *ad litem* SAMEERAH CHANDLER,<br><br>Plaintiff,<br><br>v.<br><br>ELK GROVE UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendant. | No. 2:25-cv-00520-DAD-JDP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS CLAIMS THREE AND SIX<br><br>(Doc. No. 11) |

This matter is before the court on defendant Elk Grove Unified School District's ("defendant EGUSD") motion to dismiss filed on May 22, 2025. (Doc. No. 11.) Defendant EGUSD's motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 12.) For the reasons explained below, defendant EGUSD's motion to dismiss will be denied.

**BACKGROUND**

On February 13, 2025, plaintiff T.I., by and through his guardian *ad litem* Sameerah Chandler, filed his complaint against defendants EGUSD, David Carroll, ("defendant Carroll"), and DOES 1-100. (Doc. No. 1.) In his complaint, plaintiff alleges as follows:

Plaintiff is a nine-year-old black boy who suffers from "a mental impairment which includes but [is] not limited to auditory deficiency, learning disability, and ADHD." (*Id.* at ¶ 11.)

1

1    On the date in question, defendant Carroll was a "peer educator and employee" at Arlene Hein
2    Elementary School ("AHES"), a public school maintained and operated by defendant EGUSD.
3    (*Id.* at ¶ 8.)

4    On April 23, 2024, plaintiff was playing soccer at AHES when he and another white
5    student began to argue and curse at each other. (*Id.* at ¶¶ 11, 13.) Defendant Carroll approached,
6    and students nearby confirmed for defendant Carroll that the other student, not plaintiff, had
7    begun cursing first, yet defendant Carroll demanded that plaintiff go to the principal's office. (*Id.*
8    at ¶ 13.) When plaintiff asked why and tried to further explain the situation, defendant Carroll
9    said he did not care. (*Id.*) When plaintiff expressed this was unfair, defendant Carroll grabbed
10   plaintiff by the shoulders and dug his hands into plaintiff's body. (*Id.*) Plaintiff started crying,
11   said he was being hurt, and tried to get away from defendant Carroll. (*Id.* at ¶ 14.) Defendant
12   Carroll then grabbed plaintiff by the neck, choked him, and dragged him towards the principal's
13   office, leaving marks on plaintiff's neck. (*Id.*) While plaintiff screamed, "He's choking me!
14   He's choking me!" an unidentified staff member walked by and plaintiff asked them to call his
15   mother. (*Id.* at ¶ 15.) Defendant Carroll "handed [plaintiff] minor T.I. off" to the unidentified
16   staff member, who took plaintiff to the principal's office. (*Id.*)

17   Assistant Principal John Mifsud contacted plaintiff's mother, Sameerah Chandler, and
18   informed her that plaintiff was not in trouble, but that he was involved in an altercation. (*Id.* at
19   ¶ 16.) Ms. Chandler picked plaintiff up from school that day, and she ultimately transferred
20   plaintiff to Zehnder Ranch Elementary School. (*Id.* at ¶¶ 16, 19.) Plaintiff was unable to turn his
21   head for two weeks after this incident, and now experiences panic attacks, loss of appetite, fear
22   when around adult white men, bedwetting, and decreased confidence. (*Id.* at ¶ 19.) Defendant
23   Carroll was cited for misdemeanor assault by the Sacramento County Sheriff's Office. (*Id.* at
24   ¶ 18.)

25   Based on these and other allegations, plaintiff brings the following causes of action:
26   (1) discrimination in violation of 29 U.S.C. § 749 against defendant EGUSD; (2) disability
27   discrimination in violation of 42 U.S.C. § 12132 against defendant EGUSD; (3) assault and
28   battery against all defendants; (4) negligence against all defendants; (5) negligent supervision

1  against defendant EGUSD; and (6) intentional infliction of emotional distress against all
2  defendants.  (*Id.* at ¶¶ 23–57.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs'

3

complaint necessarily relies on them and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d. 668, 688–89 (9th Cir. 2001).

## ANALYSIS

In moving to dismiss plaintiff's third (assault and battery) and sixth (intentional infliction of emotional distress) causes of action brought against it, defendant EGUSD argues that California's Tort Claims Act, Government Code § 810, governs public entity liability and provides no basis for common law claims such as assault and battery and intentional infliction of emotional distress to be brought against a governmental entity such as it. (Doc. No. 11 at 8–9.) Because plaintiff has failed to allege any statutory basis for these two claims, defendant EGUSD argues it is entitled to sovereign immunity as to the claims. (*Id.*) Defendant EGUSD also suggests that it is entitled to dismissal of these two claims brought against it because defendant Carroll was not acting within the scope of his employment when he allegedly acted tortiously. (*Id.* at 9.) Plaintiff opposes the pending motion to dismiss, arguing that California Government Code § 815.2 does provide a statutory basis for defendant EGUSD's liability as to these two claims. (Doc. Nos. 13 at 6; 1 at ¶¶ 44, 57.) Plaintiff also argues that under the allegations of the complaint defendant Carroll was acting within the scope of his employment. (Doc. No. 13 at 8.) In reply, defendant EGUSD contends that these claims brought against it under a vicarious liability theory must still be made pursuant to statute, not common law. (Doc. No. 17 at 2.)

In California, public entities are not liable for injuries that arise "out of an act or omission of the public entity or a public employee or any other person" except as provided by statute. Cal. Gov. Code § 815. One such statutory exception is § 815.2(a), which provides that, "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." "Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from

/////

/////

4

liability."[1] Cal. Gov. Code § 815.2(b).  "Through this section, the California Tort Claims Act expressly makes the doctrine of *respondeat superior* applicable to public employers." *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 932 (1998); *see also Robinson v. Solano Cty.*, 278 F.3d 1007, 1016 (9th Cir. 2002) (recognizing that California imposes liability on counties under the doctrine of *respondeat superior*); *Cook v. City of Fairfield*, No. 2:15-cv-02339-KJM-KJN, 2017 WL 4269991, at *9 (E.D. Cal. Sept. 26, 2017).

"In other words, the general rule is that an employee of a public entity is liable for his torts to the same extent as a private person (§ 820, subd. (a)) and the public entity is vicariously liable for any injury which its employee causes (§ 815.2, subd. (a)) to the same extent as a private employer (§ 815, subd. (b))." *C.A. v. William S. Hart Union High Sch. Dist.*, 53 Cal. 4th 861, 868 (2012) (internal quotation marks omitted) (noting that § 815.2 provided the statutory basis for liability with regard to the defendant school district); *see also Hoff*, 54 Cal. 3d at 932 (stating that § 815.2 is a statute under which public entities may be held liable).

Defendant EGUSD argues that § 815 restricts a public entity's tort liability such that common law claims cannot be brought against a public entity.  Defendant misstates the law.  As explained above, "[u]nder California Government Code § 815.2, a public entity may be vicariously liable for the actions of its employee acting within the scope of his employment if the action would give rise to a cause of action against the employee."[2] *Iliya v. County of Sacramento*, No. 2:22-cv-01305-DC-CSK, 2025 WL 524961, at *13 (E.D. Cal. Feb. 18, 2025)

---

[1] A public employee is liable for their actions causing an injury "to the same extent as a private person," except, among other exceptions, if the injury resulted from an act or omission that was the result of an exercise of discretion vested in him or her.  Cal. Gov. Code §§ 820, 820.2.

[2] The cases defendant EGUSD cites in support of this contention do not contradict the rule. Rather, in those cases, claims brought against public entities were dismissed either when plaintiffs failed to assert any statutory basis for liability or when the claims against individual employee defendants were not sufficiently alleged.  *See e.g. Bragg v. E. Bay Reg'l Park Dist.*, No. 02-cv-03585-PJH, 2003 WL 23119278, at *7–9 (N.D. Cal. Dec. 29, 2003) (dismissing an intentional infliction of emotional distress against the defendant public entity as the plaintiff did not assert a statutory basis for liability, and the claim was dismissed against the individual employees); *Wassman v. City of Dana Point*, No. 8:18-cv-00468-JLS-DFM, 2018 WL 5906346, at *7 (C.D. Cal. July 2, 2018) (concluding that the plaintiff did not sufficiently plead an intentional infliction of emotional distress claim against any individual defendant).

(denying a motion to dismiss an intentional infliction of emotional distress claim against the defendant county), *report and recommendation adopted*, 2025 WL 27557558 (E.D. Cal. Sept. 29, 2025); *see also Garcia v. City of Merced*, 637 F. Supp. 2d 731, 746-47 (E.D. Cal. 2008) (finding that § 815.2 allows *respondeat superior* liability against public entities for the intentional torts of its employees); *Ware v. Antelope Valley Union High Sch. Dist.*, No. 15-cv-08124-DMG-AJW, 2016 WL 11518623, at *8–9 (C.D. Cal. Nov. 15, 2016) (holding that the plaintiff sufficiently stated claims of assault, battery, and intentional infliction of emotional distress against a school employee, and against a school district under a vicarious liability theory).

Therefore, the court concludes that plaintiff has sufficiently alleged a statutory basis for public entity liability in asserting that defendant EGUSD was vicariously liable under § 815.2 for the tortious conduct of its employee.

Defendant EGUSD next argues in a conclusory fashion that plaintiff's common law claims are premised on defendant Carroll's "alleged wrongful conduct that falls outside of the course and scope" of his employment. (Doc. No. 11 at 9.)  In opposition, plaintiff argues that defendant Carroll's alleged actions were undertaken within the scope of his employment insofar as they were disciplinary in nature. (Doc. No. 13 at 8.) Defendant EGUSD concedes in its reply that, "outside of a sexual context, under a statutory claim such as Government Code section 815.2, allegations can be made that the District is vicariously liable for alleged physical assault by an employee." (Doc. No. 17 at 2.) Defendant EGUSD does not argue that defendant Carroll's contact with plaintiff constituted sexual contact. (*Id.*)

Here, plaintiff alleges that defendant Carroll was employed by defendant EGUSD. (Doc. No. 1 at ¶ 8.) Plaintiff further alleges as follows. Defendant Carroll intervened in an argument between plaintiff and another minor student while plaintiff was attending the school at which defendant Carroll was employed. (Doc. No. 1 at ¶¶ 11, 13.) Defendant Carroll demanded plaintiff go to the principal's office. (Doc. No. 1 at ¶ 13.) When plaintiff expressed that he felt that outcome was unfair, defendant Carroll grabbed plaintiff by the shoulders, and then by the neck, and dragged him toward the principal's office. (Doc. No. 1 at ¶¶ 13–14.) Defendant Carroll then handed plaintiff to an unnamed staff member, who walked plaintiff to the principal's

office. (Doc. No. 1 at ¶ 15.)

"Whether a tort was committed within the scope of employment is ordinarily a question of fact; it becomes a question of law, however, where the undisputed facts would not support an inference that the employee was acting within the scope of his employment." *John R. v. Oakland Unified Sch. Dist.*, 48 Cal.3d 438, 447 (1989); *see also Jasso v. Cnty. of Los Angeles*, No. 14-cv-09110-MWF-VBK, 2015 WL 13916216, at *14 (C.D. Cal. Oct. 13, 2015). "[T]he test for determining whether an employee is acting outside the scope of employment is whether in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business." *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 214 (1991) (internal quotation marks omitted); *see also Jasso*, 2015 WL 13916216, at *14. "Willful, malicious, and criminal torts may fall within the scope of employment for vicarious liability purposes, even if such torts are unauthorized by the employer, if there is a causal nexus between the employee's work and the tort committed." *E.P. ex rel. Pruett v. Merced County Off. of Educ.*, No. 1:24-cv-00216-KES-SAB, 2024 WL 1995095, at *3 (E.D. Cal. May 6, 2024) (citing *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 298 (1995)).

Here, the court finds that plaintiff has alleged sufficient facts to support a cognizable claim that defendant Carroll was acting within the scope of his employment when he intervened in the argument between students and attempted to bring plaintiff to the principal's office. *See E.P. ex rel. Pruett*, 2024 WL 1995095, at *4 (holding that a teacher's verbal and physical abuse in the classroom on school premises was within the scope of employment); *cf. E.P. ex rel. Hernandez-Disla*, No. 1:23-cv-01724-JLT-CDB, 2024 WL 1722335, at *3 (E.D. Cal. Apr. 22, 2024) (declining to hold that disciplinary conduct other than sexual misconduct is outside the scope of a teacher's employment). As another district court has observed, teachers exercise discipline in the normal course of their duties, so when that discipline becomes "unlawfully physical and excessive," it cannot be deemed "so unusual or startling" that the district cannot be held vicariously liable. *E.P. ex rel. Hernandez-Disla*, 2024 WL 1722335, at *3 (denying a motion to dismiss where the alleged disciplinary conduct of the special education teacher

7

employee included yelling at and intimidating a minor into silence, as well as grabbing the minor by the arm and dragging him to a seclusion area) (citing *John R.* 48 Cal. 3d at 450 n.9; *Rodgers v. Kemper Constr. Co.*, 50 Cal. App. 3d 608, 619 (1975)).

## CONCLUSION

For the reasons set forth above, defendant EGUSD's motion to dismiss (Doc. No. 11) is DENIED.

IT IS SO ORDERED.

Dated:  **November 14, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE